**CERA LLP**
SOLOMON B. CERA (STATE BAR NO. 099467)
THOMAS C. BRIGHT (STATE BAR NO. 169713)
595 MARKET STREET, SUITE 1350
SAN FRANCISCO, CALIFORNIA 94105
TELEPHONE: (415) 777-2230
FACSIMILE: (415) 777-5189
EMAIL: SCERA@CERALLP.COM
EMAIL: TBRIGHT@CERALLP.COM

**THE DAVID HODGES LAW FIRM**
DAVID A. HODGES (*ADMITTED PRO HAC VICE*)
212 CENTER STREET, 5TH FLOOR
LITTLE ROCK, ARKANSAS 72201
TELEPHONE: (501) 374-2400
FACSIMILE: (501) 374-8926
EMAIL: DAVID@HODGESLAW.COM

*COUNSEL FOR PLAINTIFF AND THE
PROPOSED CLASS*

**COOLEY LLP**
WHITTY SOMVICHIAN (194463)
(WSOMVICHIAN@COOLEY.COM)
BENJAMIN KLEINE (257225)
(BKLEINE@COOLEY.COM)
LILIA R. LOPEZ (299230)
(LLOPEZ@COOLEY.COM)
101 CALIFORNIA STREET, 5TH FLOOR
SAN FRANCISCO, CA  94111-5800
TELEPHONE:   (415) 693-2000
FACSIMILE:   (415) 693-2222

*ATTORNEYS FOR DEFENDANT TWITTER, INC.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DOTSTRATEGY, CO., Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

v.

TWITTER, INC.

Defendant.

Case No.  19-cv-06176-CRB

[PROPOSED] STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION

1.    **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on

all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.4 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**2.      DEFINITIONS**

2.1      Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2      "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3      Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4      Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5      Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6      Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation including his or her employees and support personnel (including firms and their employees whose normal business includes the provision of support services to expert witnesses), who (1) has been retained by a Party or its counsel to serve as an expert witness, non-testifying expert, or as a consultant in this action, (2) is not a past or current employee of a Party, (3) is not currently and within the past 5 years has not been an employee of a Party's competitor,  and (4) at the time of retention, is not anticipated to become an employee of a Party or of a Party's

competitor.

2.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8    House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that Party.

2.11    Party:  any party to this action, including all of its officers, directors, employees, consultants, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, transcribing, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium, and professional jury or trial consultants) and their employees and subcontractors, who have been retained by a Party or its counsel, or the Court to provide litigation support services with respect to this action.

2.14    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY."

2.15    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2)

all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.      DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. The Court retains jurisdiction even after termination of this action to enforce this Order and to make such amendments, modifications, deletions, and additions to this Protective Order as the Court from time to time may deem appropriate.

**5.      DESIGNATING PROTECTED MATERIAL**

5.1      Exercise of Restraint and Care in Designating Material for Protection.  Except for in the case of bulk designation as discussed below, each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept

4

1  unjustifiably within the ambit of the designation.

2        Mass, indiscriminate, or routinized designations are prohibited, unless it is done in good

3  faith as part of a bulk designation. To expedite production of potentially voluminous materials, a

4  Producing Party may, but is not required to, produce materials without a detailed confidentiality

5  review.  In so doing, the Producing Party must inform the Receiving Party in writing at the time of

6  production that it has bulk-designated those collections of documents that by their nature contain

7  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" information

8  with the appropriate designation notwithstanding that some of the documents within the collection

9  may not qualify for such designation. Notwithstanding the foregoing, a Receiving Party may at

10  any time challenge the designation of one or more documents, or categories of documents, bulk

11  designated on the grounds that it does not or they do not qualify for such protection. If the

12  Producing Party agrees, it must promptly notify the Receiving Parties that it is withdrawing or

13  changing the designation and timely provide a supplemental production (including load file)

14  containing documents with the new designation. Designations that are shown to be clearly

15  unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or

16  retard the case development process or to impose unnecessary expenses and burdens on other

17  parties) expose the Designating Party to sanctions.

18        With the exception of a bulk designation, if it comes to a Designating Party's attention that

19  information or items that it designated for protection do not qualify for protection at all or do not

20  qualify for the level of protection initially asserted, that Designating Party must promptly notify all

21  other Parties that it is withdrawing the inapplicable designation and timely provide a supplemental

22  production (including load file) containing documents with the new designation.

23        5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order

24  (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

25  Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

26  designated before the material is disclosed or produced.

27        Designation in conformity with this Order requires:

28            (a)    for information in documentary form (e.g., paper or electronic documents,

but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY" to each page that contains protected material. If only a portion or portions of the

material on a page qualifies for protection, the Producing Party also must clearly identify the

protected portion(s) (e.g., by making appropriate markings in the margins).A Party or Non-Party

that makes original documents or materials available for inspection need not designate them for

protection until after the inspecting Party has indicated which material it would like copied and

produced. During the inspection and before the designation, all of the material made available for

inspection shall be deemed "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY." After

the inspecting Party has identified the documents it wants copied and produced, the Producing

Party must determine which documents, or portions thereof, qualify for protection under this

Order. Then, before producing the specified documents, the Producing Party must affix the

appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES

ONLY" to each page or electronic document that contains Protected Material. If only a portion or

portions of the material on a page qualifies for protection, the Producing Party also must clearly

identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must

specify, for each portion, the level of protection being asserted. A Party may designate documents

produced by a Non-Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" if the document contains information for which that Party would

have a right to apply the proposed designation if produced by that Party, by notifying all other

Parties of the designation within a reasonable period of time after the production of documents by

the Non-Party.

          (b)      for testimony given in deposition or in other pretrial or trial proceedings, the

Designating Party when practical must identify on the record, before the close of the deposition,

hearing, or other proceeding, all protected testimony and specify the level of protection being

asserted. When it is impractical to identify separately each portion of testimony that is entitled to

protection and it appears that substantial portions of the testimony may qualify for protection, the

Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is

1    concluded) a right to have up to 30 days following receipt of the final transcript to identify the

2    specific portions of the testimony as to which protection is sought and to specify the level of

3    protection being asserted. Only those portions of the testimony that are appropriately designated

4    for protection within the 30 days shall be covered by the provisions of this Stipulated Protective

5    Order. Alternatively, a Designating Party may specify, at the deposition or up to 30 days

6    afterwards if that period is properly invoked, that the entire transcript shall be treated as

7    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

8              Parties shall give the other parties notice if they reasonably expect a deposition,

9    hearing or other proceeding to include Protected Material so that the other parties can ensure that

10    only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

11    (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition

12    shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

13    – ATTORNEYS' EYES ONLY."

14              Transcripts containing Protected Material shall have an obvious legend on the title

15    page that the transcript contains Protected Material, and the title page shall be followed by a list of

16    all pages (including line numbers as appropriate) that have been designated as Protected Material

17    and the level of protection being asserted by the Designating Party. The Designating Party shall

18    inform the court reporter of these requirements. Any transcript that is prepared before the

19    expiration of the 30-day period for designation, shall be treated during that period as if it had been

20    designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless

21    otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually

22    designated.

23              (c)    for information produced in some form other than documentary and for any

24    other tangible items, that the Producing Party affix in a prominent place on the exterior of the

25    container or containers in which the information or item is stored the legend "CONFIDENTIAL"

26    or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of

27    the information or item warrant protection, the Producing Party, to the extent practicable, shall

28    identify the protected portion(s) and specify the level of protection being asserted.

1        5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to

2  designate qualified information or items does not, standing alone, waive the Designating Party's

3  right to secure protection under this Order for such material. Upon timely correction of a

4  designation, the Receiving Party must make reasonable efforts to assure that the material is treated

5  in accordance with the provisions of this Order.

6  **6.**      **<u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

7        6.1    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of

8  confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

9  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

10  burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

11  challenge a confidentiality designation by electing not to mount a challenge promptly after the

12  original designation is disclosed.

13        6.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution

14  process by providing written notice of each designation it is challenging and describing the basis

15  for each challenge. To avoid ambiguity as to whether a challenge has been made, the written

16  notice must recite that the challenge to confidentiality is being made in accordance with this

17  specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in

18  good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other

19  forms of communication are not sufficient) within 14 days of the date of service of notice. In

20  conferring, the Challenging Party must explain the basis for its belief that the confidentiality

21  designation was not proper and must give the Designating Party an opportunity to review the

22  designated material, to reconsider the circumstances, and, if no change in designation is offered, to

23  explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of

24  the challenge process only if it has engaged in this meet and confer process first or establishes that

25  the Designating Party is unwilling to participate in the meet and confer process in a timely

26  manner.

27        6.3    <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court

28  intervention, the Designating Party may seek resolution of the dispute in accordance with the

discovery dispute procedures outlined in Magistrate Judge Corley's Civil Standing Order within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Failure by the Designating Party to initiate such procedures within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to seek judicial intervention as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, and not for any business purpose, in connection with any other legal proceeding, or directly or indirectly for any other purpose whatsoever. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

1            (b)     the officers, directors, and employees (including House Counsel) of the

2 Receiving Party to whom disclosure is reasonably necessary for this litigation;

3            (c)     Experts (as defined in this Order) retained by the Designating Party and

4 their staff, which may be shown, or examined on, any information, document, or thing designated

5 "CONFIDENTIAL' by the Designating Party;

6            (d)     Experts (as defined in this Order) of the Receiving Party and their staff to

7 whom disclosure is reasonably necessary for this litigation and who have signed the

8 "Acknowledgment and Agreement to Be Bound" (Exhibit A) (which shall not be discoverable by

9 the Producing Party until after the Expert has been disclosed);

10           (e)     the court and its personnel, and any appellate court other court (and their

11 personnel) before which the Parties appear in this Action;

12           (f)     stenographic reporters, videographers and their staff, professional jury or

13 trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably

14 necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be

15 Bound" (Exhibit A);

16           (g)     during a deposition or hearing, witnesses and deponents in the action to

17 whom disclosure is reasonably necessary;

18           (h)     the author or recipient of a document containing the information or a

19 custodian or other person who otherwise possessed or knew the information;

20           (i)     a witness during a hearing or a deposition who is a current employee of the

21 Designating Party or who appears, based upon the document itself or testimony in a deposition, to

22 have specific knowledge of the contents of the document;

23           (j)     any other person to whom the Designating Party has consented to disclosure

24 in advance;

25           (k)     such other persons as the parties may agree or may be ordered by the Court;

26           (l)     special masters or discovery referees appointed by the Court; and

27           (m)     mediators or settlement officers, and their personnel, mutually agreed upon

28 by the Parties.

1         7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u>

2 <u>Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the

3 Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

4 CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

5         (a)    the Receiving Party's Outside Counsel of Record in this action, as well as

6 employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

7 information for this litigation;

8         (b)    No more than three (3) Designated House Counsel of the Receiving Party

9 (and up to four (4) paralegals or similar support staff) to whom disclosure is reasonably necessary

10 for this litigation;

11         (c)    Experts of the Receiving Party (1) to whom disclosure is reasonably

12 necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be

13 Bound" (Exhibit A) (which shall not be discoverable by the Producing Party until any deadline for

14 the disclosure or identification of experts set by court order or rule, at which time (a) all Experts of

15 the Receiving Party to whom HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

16 materials have been disclosed up to that date shall be identified and (b) a copy of each Expert's

17 "Acknowledgment and Agreement to Be Bound" and current curriculum vitae shall be provided to

18 Counsel for the Producing Party), and (3) who the Receiving Party's counsel has certified meets

19 all requirements set forth in paragraph 2.6 above;

20         (d)    the Court and its personnel, and any appellate or other court (and their

21 personnel) before which the Parties appear in this action;

22         (e)    stenographic reporters, videographers and their respective staff, professional

23 jury or trial consultants including but not limited to mock jurors, and Professional Vendors to

24 whom disclosure is reasonably necessary for this litigation who have signed the

25 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

26         (f)    persons who prepared, received, or reviewed the information prior to its

27 production;

28

1    (g)    the author or recipient of a document containing the information or a

2  custodian or other person who otherwise possessed or personally knows the information;

3    (h)    a witness during a hearing or a deposition who is a current employee of the

4  Designating Party or who appears, based on the document itself or testimony in a deposition, to have

5  specific knowledge of the contents of the document;

6    (i)    any other person as to whom the Designating Party has consented to

7  disclosure in advance;

8    (j)    such other persons as the parties may agree or may be ordered by the Court;

9    (k)    special masters or discovery referees appointed by the Court; and

10    (l)    any mediator or settlement officer, and their supporting personnel, mutually

11  agreed upon by the Parties.

12    7.4    <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY</u>

13  <u>CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.</u>

14    (a)    Unless otherwise ordered by the court or agreed to in writing by the

15  Designating Party, a Party that objects to the disclosure to an Expert (as defined in this Order) of

16  any information or item that Party has designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

17  EYES ONLY" pursuant to paragraph 7.3(c), must so object, in writing, within 14 days following

18  the initial disclosure of the Expert.  Any such objection must set forth in detail the grounds on

19  which it is based.  During this 14-day period, the Receiving Party may not provide the Expert with

20  any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

21  ONLY" by the Designating Party.

22    (b)    A Party that receives a timely written objection must meet and confer with

23  the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

24  agreement within seven days of the written objection. If no agreement is reached, the Party

25  seeking to make the disclosure to the Expert may seek resolution of the dispute in accordance with

26  the discovery dispute procedures outlined in Magistrate Judge Corley's Civil Standing Order.

27    In any such proceeding, the Party opposing disclosure to the Expert shall

28  bear the burden of proving that the risk of harm that the disclosure would entail (under the

safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8.      **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

        If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

        (a)      promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

        (b)      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

        (c)      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

        If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.      **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

        (a)      The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with

1   this litigation is protected by the remedies and relief provided by this Order. Nothing in these

2   provisions should be construed as prohibiting a Non-Party from seeking additional protections.

3          (b)     In the event that a Party is required, by a valid discovery request, to produce a Non-

4   Party's confidential information in its possession, and the Party is subject to an agreement with the

5   Non-Party not to produce the Non-Party's confidential information, then the Party shall:

6                  (1)     promptly notify in writing the Requesting Party and the Non-Party that

7   some or all of the information requested is subject to a confidentiality agreement with a Non-

8   Party;

9                  (2)     promptly provide the Non-Party with a copy of the Stipulated Protective

10  Order in this litigation, the relevant discovery request(s), and a reasonably specific description of

11  the information requested; and

12                  make the information requested available for inspection by the Non-Party.

13         (c)     If the Non-Party fails to object or seek a protective order from this court within 14

14  days of receiving the notice and accompanying information, the Receiving Party may produce the

15  Non-Party's confidential information responsive to the discovery request. If the Non-Party timely

16  seeks a protective order, the Receiving Party shall not produce any information in its possession or

17  control that is subject to the confidentiality agreement with the Non-Party before a determination

18  by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and

19  expense of seeking protection in this court of its Protected Material.

20  **10.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

21         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

22  Material to any person or in any circumstance not authorized under this Stipulated Protective

23  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

24  unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected

25  Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the

26  terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and

27  Agreement to Be Bound" that is attached hereto as Exhibit A.

28

**11.**    <u>**INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**</u>
<u>**PROTECTED MATERIAL**</u>

When a Producing Party gives notice to a Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  If information is produced in discovery that is subject to a claim of privilege or of protection, the party making the claim may notify the Receiving Party of the claim and the basis for it promptly after becoming aware of the inadvertent production. After being notified, the Receiving Party shall refrain from any further reexamination or disclosure of the claimed inadvertent production material.  If the Receiving Party does not dispute the claim, it shall promptly return or destroy the specified information and any copies it has, and certify in writing that it has done so.  If the Receiving Party disputes the claim, it must sequester the information and not use or disclose the information until the claim is resolved, except to present the information to the court for a determination of the claim.  Pursuant to Federal Rule of Evidence 502(d) and (e), the production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.  For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or any other federal or state proceeding.

**12.**    <u>**MISCELLANEOUS**</u>

12.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by agreement with other Parties or by applying to the Court if such agreement cannot be reached.  Furthermore, without application to the Court, the Designating Party may enter into a written agreement releasing the confidentiality designation for a specific person without waiving the confidentiality designation as to all others.

12.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any

information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3     No Modification of Privileges. Except as explicitly set forth herein, nothing in this Order shall modify the law regarding the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and any other applicable privilege or protection from disclosure to the extent such privilege or protection exists under applicable law.

12.4     Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the Protective Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the Court.

**13.     FINAL DISPOSITION**

Within 90 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, upon written request of the Producing Party, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate, or bates number) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations,

1 | summaries or any other format reproducing or capturing any of the Protected Material.

2 | Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings,

3 | motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence,

4 | deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

5 | work product, even if such materials contain Protected Material. Any such archival copies that

6 | contain or constitute Protected Material remain subject to this Protective Order as set forth in

7 | Section 4 (DURATION).

8 |       IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

9 |

10 | Dated:  May 13, 2021                    **CERA LLP**

11 |                                        By: ___/s/ *Thomas C. Bright*_____

12 |                                             Thomas C. Bright (169713)

13 |                                             - and -

14 |                                        **THE DAVID HODGES LAW FIRM**

15 |                                             - and -

16 |                                        **KAPLAN FOX & KILSHEIMER LLP**

17 |                                        *Counsel for Plaintiff and the Proposed Class*

18 |

19 | Dated:  May 13, 2021                    **COOLEY LLP**

20 |                                        By: __/s/ *Whitty Somvichian*_____
                                              Whitty Somvichian (194463)

21 |

22 |                                        *Attorneys for Defendant Twitter Inc.*

23 |

24 | PURSUANT TO STIPULATION, IT IS SO ORDERED.

25 |

26 | DATED: __May 17_____, 2021           _____

27 |                                        Jacqueline Scott Corley
                                            United States Magistrate Judge

28 |

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____